FILED



JUL 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50306 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03327-MMA-2 |
| v. | |
| MARC SADI VOGEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50513 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03327-MMA-1 |
| v. | |
| WE LEND MORE, INC., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:     TROTT and W. FLETCHER, Circuit Judges, and STEIN, District
            Judge.[**]

Marc Sadi Vogel and We Lend More, Inc., appeal their convictions for

unlawful transportation of hazardous waste, 42 U.S.C. § 6928(d)(1), unlawful

disposal of hazardous waste,  42 U.S.C. § 6928(d)(2)(A), and transportation of

hazardous waste without a manifest, 42 U.S.C. § 6928(d)(5).  We affirm.

The decision to exclude a particular piece of evidence is reviewed for abuse

of discretion.  *See United States v. Decoud*, 456 F.3d 996, 1010 (9th Cir. 2006).

All of the evidence Vogel requested came in at trial except absent codefendant

Raul Gonzalez-Lopez's 1992 conviction for possession of a controlled substance

with intent to sell.  Given that conviction's minimal relevance to the instant case,

the district court did not abuse its discretion in excluding it.

Vogel did not request a jury instruction on evidence of flight of a co-

defendant, and so his challenge is subject to plain error review.  *United States v.*

*Kilbride*, 584 F.3d 1240, 1247 (9th Cir. 2009).  There was no plain error here.  The

Ninth Circuit Model Criminal Jury Instructions "generally recommend[] against

giving specific inference instructions in such areas as flight or concealment of

[**]     The Honorable Sidney H. Stein, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

2

identity because the general instruction on direct and circumstantial evidence is sufficient." 9th Cir. Model Crim. Jury Inst. 4.17 (2010).

The district court's jury instructions did not apply the wrong mens rea standard. The law does not require a heightened mens rea standard for lay persons in hazardous waste cases. *See United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 563 (1971). Nor did the district court improperly instruct the jury regarding the mistake-of-fact defense. The district court instructed the jury that if it had "a reasonable doubt about whether the defendants had the requisite knowledge or intent[] because of their mistake" of fact, it must find them not guilty. This adequately represented defendants' theory of the case. *See United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992).

We Lend More's convictions need not be reversed even though the government did not introduce evidence of the company's corporate status. We Lend More's corporate status is not an element of any charged offense, and the company's trade name (We Lend More, Inc.) provides adequate evidence of its corporate status in any event. *See United States v. Scoblick*, 225 F.2d 779, 782-83 (3d Cir. 1955) (finding that, absent an objection, testimony describing a trade name including "Inc." "was sufficient to show . . . corporate identity").

Finally, because there was no error, there was no cumulative error warranting reversal. *United States v. Romo-Chavez*, 681 F.3d 955, 962 (9th Cir. 2012).

**AFFIRMED**